J-S32020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS M. GARCIA | : | |
| | : | |
| Appellant | : | No. 229 MDA 2025 |

Appeal from the PCRA Order Entered January 15, 2025
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000829-2008

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED: NOVEMBER 12, 2025**

Jesus M. Garcia appeals *pro se* from the order denying his "Motion to Clarify or Correct Unlawful Sentence."  The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

The pertinent facts and procedural history are as follows.  On November 6, 2008, a jury convicted Garcia of multiple offenses resulting from his participation in a cocaine distribution network in Lebanon County.  On January 28, 2009, the trial court imposed an aggregate sentence of 25 to 52 years of imprisonment.  Garcia appealed.  On December 24, 2009, we affirmed Garcia's convictions, but remanded for resentencing because the trial court imposed a

_____

[*] Former Justice specially assigned to the Superior Court.

maximum sentence on two counts that exceeded the applicable statutory maximum for the offenses. *Commonwealth v. Garcia*, 990 A.2d 43 (Pa. Super. 2009) (non-precedential decision).

On May 5, 2010, the trial court resentenced Garcia to a 25 to 40-year aggregate term of imprisonment. Garcia appealed. On May 9, 2011, we affirmed Garcia's judgment of sentence, and, on April 10, 2012, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Garcia*, 30 A.3d 533 (Pa. Super. 2011) (non-precedential decision), *appeal denied*, 42 A.3d 290 (Pa. 2012). Garcia did not seek further review.

On April 30, 2012, Garcia filed a timely *pro se* PCRA petition, the PCRA court appointed counsel, and PCRA counsel filed an amended petition. Following an evidentiary hearing, the PCRA court denied Garcia's petition on March 13, 2013. Garcia appealed. On February 18, 2014, we affirmed the order denying post-conviction relief, and, on September 10, 2014, our Supreme Court denied Garcia's petition for allowance of appeal. *Commonwealth v. Garcia*, 97 A.3d 804 (Pa. Super. 2014) (non-precedential decision), *appeal denied*, 99 A.3d 924 (Pa. 2014).

On July 10, 2015, Garcia filed a "Motion for Extraordinary Relief," which the court treated as Garcia's second PCRA petition. On August 25, 2015, the PCRA court dismissed this petition as untimely. Garcia appealed. This Court affirmed the denial of post-conviction relief on January 29, 2016.

*Commonwealth v. Garcia*, 136 A.3d 1041 (Pa. Super. 2016) (non-precedential decision).

On November 29, 2024, Garcia filed the motion at issue, which the court treated as his third PCRA petition. The Commonwealth filed a motion to dismiss. On December 19, 2024, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss the petition as untimely. Garcia filed a *pro se* response. By order entered January 15, 2015, the PCRA court dismissed Garcia's third petition as untimely. This appeal followed. Both Garcia and the PCRA court have complied with Appellate Rule 1925.

Garcia raises the following issues on appeal:

I. Did the [PCRA court violate Garcia's] constitutional rights of due process and equal protection of the law when it unlawfully sentenced [Garcia] to a minimum that was more than one-half of his maximum sentence[?]

II. Did the [PCRA court violate Garcia's] constitutional rights of due process and equal protection of the law when it unlawfully converted [his] motion to correct his unlawful sentence into a PCRA and denied it as untimely filed[?]

Garcia's Brief at 4 (excess capitalization omitted).

Before addressing these claims, we must first determine whether the PCRA court correctly concluded that Garcia's third PCRA petition was untimely filed.[1]

---

[1] Because Garcia's illegal sentence claim is cognizable under the PCRA, the court properly treated Garcia's 2024 filing as a serial PCRA petition. ***See Commonwealth v. Barndt***, 74 A.3d 185, 190 n.7 (Pa. Super. 2013)(explaining that, if the claim is cognizable under the PCRA, a post-
*(Footnote Continued Next Page)*

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has

_____

conviction motion or petition may be treated as a PCRA petition regardless of the title of the document filed).

jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Garcia's judgment of sentence became final on July 9, 2012, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. R. 13.1. Therefore, Garcia had until July 9, 2013 to file a timely petition. Because Garcia filed the petition at issue over ten years later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Garcia has failed to plead let alone prove an exception to the PCRA's time bar. Moreover, although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Thus, even when a sentence is illegal, if a petitioner does not challenge it in a timely fashion, the illegal sentence stands. Because Garcia's petition was untimely, this Court lacks jurisdiction to consider its merits. ***Derrickson, supra***; ***see also Commonwealth v. Wharton***, 886 A.2d 1120, 1125 (Pa. 2005) (involving court's refusal to consider PCRA claim when the petitioner failed to acknowledge that the petition was untimely, "much less attempt to raise one of the enumerated

exceptions to the time bar"). We therefore affirm the PCRA court's order dismissing Garcia's third petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/12/2025